**ROPES & GRAY LLP**
Chris L. Dickerson (*pro hac vice* pending)
Rahmon J. Brown (*pro hac vice* pending)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com

**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Mark C. Moore (TX 24074751)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
mmoore@foley.com
zzahn@foley.com

*Proposed Counsel for the Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TGI Friday's Inc., *et al.*,[1] | Case No. 24-80069-sgj11 |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING REJECTION OF CERTAIN CONTRACTS
AND NONRESIDENTIAL REAL PROPERTY LEASES, (II) ABANDONING
<u>CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 11:00 A.M. ON NOVEMBER 4, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: TGI Friday's Inc. (7117); TGI Friday's NY, LLC (2281); TGIF Holdings, LLC (7999); TGIF Midco, Inc. (7296); TGIF Parent, Inc. (1781); Burlington Towne Crossing, Inc. (7501); T G I Friday's of Greenbelt, Inc. (5617); T G I Friday's of Towson, Inc. (5450); T G I Friday's of Wisconsin, Inc. (7600); T.G.I. Friday's Marketing Advisory Council (6527); T.G.I. Friday's of Charles County, Inc. (3516); T.G.I. Friday's of Frederick County, Inc. (2547); T.G.I. Friday's of Harford County, Inc. (0072); T.G.I. Friday's of Washington County, Inc. (6174); TGI Friday's of Annapolis, Inc. (8315); TGI Friday's of Howard County, Inc. (0119); TGI Friday's of Rockville, Inc. (2004); TGI Friday's of Texas LLC (3931); TGI Friday's of the Rockies, Inc. (7885); TGIF/DFW Manager, LLC (N/A); TGIF/DFW Partner, LLC (N/A); TGIF/JDC Restaurant Development, LLC (N/A); WEBCO Products Incorporated (3014). The Debtors' service address is 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287.

PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

A VIRTUAL HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 4, 2024, AT 11:00 A.M. IN ROOM 1424, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS, 75242.

PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

TGI Friday's Inc. and its affiliated debtors and debtors in possession (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), by and through their undersigned proposed counsel, hereby submit this motion (this "<u>Motion</u>") for entry of an order granting the relief described below.  In support hereof, the Debtors rely on the *Declaration of Kyle Richter, Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") [2] filed concurrently herewith, and further represent as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"): (a) authorizing the rejection of certain of their prepetition unexpired leases of nonresidential real property (collectively, the "<u>Leases</u>") and certain of their executory contracts (collectively, the "<u>Contracts</u>") set forth on **Exhibit 1** to the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Order as of the Petition Date, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property remaining in the premises of the Leases as of rejection date, (c) authorizing the Debtors and their third-party moving contractors to enter, collect, and remove any of the Debtors' property remaining on the premises at its Corporate Office  (as defined below), and (d) granting related relief.

**JURISDICTION AND VENUE**

2.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

**BACKGROUND**

5.      On November 2, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

6.      Founded in 1965 in New York City, New York, the Debtors are the owners and franchisors of original casual dining bar and grill, TGI Fridays, offering classic American food and beverages, with 39 restaurant locations being owned and operated by the Debtors.  The Debtors are known for bringing people together to socialize and celebrate the liberating spirit of "Friday."  The Debtors boast a considerable international presence, and the vast majority of its restaurants are franchises.

7.      Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## THE DEBTORS' UNEXPIRED CONTRACTS AND LEASES

8.      The Debtors are parties to Contracts and Leases that include agreements with vendors for the supply of goods and services, equipment leases, commercial leases (including restaurant and office locations), and other contracts related to the Debtors' business.

9.      In the weeks leading up to and following the Petition Date, the Debtors evaluated, and continue to evaluate, their Contracts, Leases and the operational and financial performance of certain of its restaurant locations and determined that it was in the best interests of the Debtors and the Debtors' estates that the Debtors cease operations at certain restaurant locations and its corporate office, located at 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287 (the "Corporate Office").  To that end, the Debtors have determined in a good-faith exercise of their business judgment to reject the Contracts and Leases listed on Exhibit 1 to the Order.

10.     Prior to the Petition Date, the Debtors ceased operations in 79 such locations and surrendered possession of the premises to the applicable landlords (collectively, the "Landlords").  Correspondingly, the Debtors have determined in a good-faith exercise of their

4

business judgment to reject the Leases at such surrendered locations (the "Closed Locations"), to the extent such Leases are unexpired leases as that term is used in section 365 of the Bankruptcy Code.  In relation to some of the Leases for the Closed Locations, the Debtors entered into certain Contracts, including termination agreements or stipulations of settlement.  The Debtors have determined in a good-faith exercise of their business judgment to reject such Contracts to the extent they are executory contracts as the term is used in section 365 of the Bankruptcy Code.

11.     The Debtors determined in their business judgment that the costs of the Contracts and Leases exceed any marginal benefits that could potentially be achieved through the assignments or subleases of such Leases.  As of the Petition Date, none of the restaurants located on the premises of such Leases were operating.

12.     The rejection of the Leases at the Closed Locations will result in savings for the estates of approximately **$1,388,881** per month.  Even if the Closed Locations could be reopened immediately, the Debtors believe that the short-term costs of maintaining the Leases would outweigh any potential long-term benefits from operating the restaurants therein.

13.     Before the Petition Date, the Debtors notified each affected Landlord of their decision to surrender the premises and property and turn over keys, key codes, and securities codes, if any, to each affected Landlord so that the Landlords could attempt to mitigate any rejection damages arising from the rejection of the applicable Lease.  To the extent such notifications were not sufficiently clear, the notice of the Order shall serve as further notice to reiterate the Debtors' immediate surrender of the premises, effective as of the Petition Date.

14.     Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of their sound business judgment, the Debtors have determined that rejecting the Leases

at the Closed Locations, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and their creditors.

15.     With the exception of any remaining property at the Corporate Office, the Debtors do not believe there is any valuable property of the Debtors remaining on the premises for the Leases sought to be rejected by this Motion.   The majority of the Debtors' property to be abandoned constitutes furniture, equipment, dishware, kitchenware, and other personal property that is typically in a restaurant and was not transferred to other locations following the store closures.  To the extent that any of the Debtors' property is located at the premises, the Debtors have determined that the property is of inconsequential value to the estates, or that the cost of removing and storing such property outweighed any potential benefit of retaining such property. Accordingly, to reduce postpetition administrative costs and, in the exercise of their sound business judgment, the Debtors believe that the abandonment of any of the Debtors' property that may be located at each of the premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

16.     As for the Debtors' Corporate Office, the landlords, Brookwood Interchange Office I, LLC and Brookwood Interchange Office II, LLC, (the "Office Landlords") continue to refuse access to the Corporate Office so that Debtors may collect any remaining property thereon. The remaining property located at the Corporate Office is not of inconsequential value to the estates, and the cost of removing and storing such property does not outweigh any potential benefit of retaining such property. Accordingly, Debtors request that the Court authorize Debtors to enter, collect, and remove such remaining property at the Corporate Office.

## BASIS FOR REQUESTED RELIEF

**I.     The Rejection of the Contracts and Leases is in the Best Interest of the Debtors' Estates**

17.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval.  11 U.S.C. § 365(a).  Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment."  *See, e.g.*, *In re Senior Care Cts, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard."); *In re TM Vill., Ltd.*, No. 18-32770, 2019 WL 1004571, at *10 (Bankr. N.D. Tex. Feb. 28, 2019) ("A debtor must "satisfy [his] fiduciary duty to ... creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business.") (citation omitted); *In re TransAmerican Nat'l Gas  Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987); *see also Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (stating that "[i]t is well established that 'the question whether a lease should be rejected . . . is one of business judgment'") (citation omitted).

18.     The Debtors have determined, in their sound business judgment, that rejection of the Contracts and Leases set forth in <u>Exhibit 1</u> to the Order is crucial to maximizing the value of their estates.  The Debtors have carefully reviewed the revenues generated and expenses incurred at the Leases and determined, in their business judgment, that the Leases would require a greater expense than they would garner in revenue.  In the sound exercise of their business judgment, the Debtors have determined that the rejection of the Leases as of the Petition Date is in the best interests of their estates and creditors.

## II.     Retroactive Effective Relief May Be Sought Where Appropriate

19.      Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing of the equities" standard.  *See, e.g.*, *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Nov. 7, 2016) (approving procedures to reject or assume executory contracts and unexpired leases); *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Aug. 24, 2016) (same); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

20.      Here, the balance of equities favors rejection of the Contracts and Leases effective as of the Petition Date.  Without such relief, the Debtors would potentially incur unnecessary administrative expenses related to the Leases.  *See* 11 U.S.C. § 365(d)(3).  The Landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  Possession of the premises was delivered to each respective Landlord on, or prior to, the Petition Date, and the

Landlords were made aware of the surrender.  Further, by this Motion, the Landlords are receiving notice of the Debtors' intention to reject the Contracts and Leases and tender immediate possession of the applicable premises.

21.     The Debtors will cause notice of this Motion to be served on the affected Landlords, thereby allowing each party sufficient opportunity to respond accordingly.  Accordingly, the Debtors respectfully submit that the Court deem the Contracts and Lease identified on <u>Exhibit 1</u> to the Order rejected effective as of the Petition Date.

**III.     Abandonment of Personal Property is in the Best Interest of the Debtors' Estates**

22.     Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Any property of the bankruptcy estates to be abandoned at the premises of the Leases would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could attain for such property. Accordingly, the abandonment of such property of the bankruptcy estates is in the best interests of the Debtors, their estates, and their creditors and parties in interest will have sufficient notice of such abandonment.

**WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

23.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

24.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any

claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law;
(b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any
grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any
particular claim is of a type specified or defined in this Motion or any order granting the relief
requested by this Motion or a finding that any particular claim is an administrative expense claim
or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement,
contract, or lease pursuant to section 365 of the Bankruptcy Code except as expressly set forth
herein; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on,
security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or
limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any
other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law,
statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are
valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity,
or perfection or seek avoidance of all such liens.  If the Court grants the requested relief, any
payment made pursuant to the Court's order is not intended and should not be construed as an
admission as to the validity of any particular claim or a waiver of the Debtors' or any other party
in interest's rights to subsequently dispute such claim.

**NOTICE**

25.     The Debtors will provide notice of this Motion to: (a) the Office of the United States
Trustee for the District of Northern District of Texas; (b) the United States Attorney's Office for
the District of Northern District of Texas; (c) the state attorneys general for all states in which the
Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and
Exchange Commission; (f) the holders of the fifty (50) largest unsecured claims against the
Debtors on a consolidated basis; (g) counsel to Texas Partners Bank, a Texas state bank doing

business as The Bank of San Antonio; (h) banks and financial institutions where the Debtors maintain accounts; (i) all Contract and Lease counterparties listed in Exhibit 1 to the Order; (j) with respect to Real Property Leases, any known third party having an interest in personal property located in or on the leased premises (the "Leased Premises"); (k) Midland Loan Services, a Division of PNC Bank, National Association as servicer and control party (the "Control Party"); and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 2, 2024

Respectfully submitted by:

*/s/ Holland N. O'Neil*
**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Mark C. Moore (TX 24074751)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
mmoore@foley.com
zzahn@foley.com

- and -

**ROPES & GRAY LLP**
Chris L. Dickerson (*pro hac vice* pending)
Rahmon J. Brown (*pro hac vice* pending)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com

*Proposed Counsel to the Debtors*

## **CERTIFICATE OF SERVICE**

I certify that on November 2, 2024, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*/s/ Zachary C. Zahn*
Zachary C. Zahn

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TGI Friday's Inc., *et al.*,[1] | Case No. 24-80069-sgj11 |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING REJECTION OF CERTAIN
NONRESIDENTIAL REAL PROPERTY LEASES (II) ABANDONING
CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the rejection of

the Leases set forth on **Exhibit 1** hereto, (b) authorizing the abandonment of any *de minimis*

equipment, furniture, and other personal property at the premises of the Leases, (c) authorizing

Debtors and their third-party moving contractors to enter, collect, and remove any of the Debtors'

property remaining on the premises at its Corporate Office and (d) granting related relief; all as

more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: TGI Friday's Inc. (7117); TGI Friday's NY, LLC (2281); TGIF Holdings, LLC (7999); TGIF Midco, Inc. (7296); TGIF Parent, Inc. (1781); Burlington Towne Crossing, Inc. (7501); T G I Friday's of Greenbelt, Inc. (5617); T G I Friday's of Towson, Inc. (5450); T G I Friday's of Wisconsin, Inc. (7600); T.G.I. Friday's Marketing Advisory Council (6527); T.G.I. Friday's of Charles County, Inc. (3516); T.G.I. Friday's of Frederick County, Inc. (2547); T.G.I. Friday's of Harford County, Inc. (0072); T.G.I. Friday's of Washington County, Inc. (6174); TGI Friday's of Annapolis, Inc. (8315); TGI Friday's of Howard County, Inc. (0119); TGI Friday's of Rockville, Inc. (2004); TGI Friday's of Texas LLC (3931); TGI Friday's of the Rockies, Inc. (7885); TGIF/DFW Manager, LLC (N/A); TGIF/DFW Partner, LLC (N/A); TGIF/JDC Restaurant Development, LLC (N/A); WEBCO Products Incorporated (3014).  The Debtors' service address is 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Contracts and Leases set forth on Exhibit 1 hereto are rejected effective as of the Petition Date.

3.      The Debtors are authorized to abandon personal property of their bankruptcy estates, if any, that may be located at the premises of the Leases and, except for any of the Debtors' property remaining at the Corporate Office, all such property is deemed abandoned, effective as of the Petition Date.  The applicable counterparty to each Lease may effectuate its rights and remedies with respect to such property.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

4.      Notwithstanding the rejection of the Leases, the Debtors and their third-party moving contractors are authorized to enter the premises of the Corporate Office, located at 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287, and collect and remove any of the Debtors' remaining property. The current landlords, Brookwood Interchange Office I, LLC and Brookwood

Interchange Office II, LLC (the "Office Landlords") are prohibited from refusing Debtors or their

third-party moving contractors' access to the Corporate Office to collect and remove such property.

Upon the complete removal of such property, the Office Landlords may effectuate its rights and

remedies with respect to such property and the automatic stay, to the extent applicable, shall be

modified to allow for such utilization or disposition.

5.      Claims arising out of the rejection of the Contracts and Leases, if any, must be filed

on or before the later of (a) the deadline for filing proofs of claim established in these Chapter

11 Cases, and (b) thirty (30) days after the date of entry of this order.

6.      Approval of this Order will not prevent the Debtors from seeking to assume or

reject an executory contract and/or unexpired lease by separate motion or pursuant to a chapter 11

plan.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

8.      The Debtors' reserve the right to assert that any provisions in any executory contract

or unexpired lease that expressly or effectively restrict, prohibit, condition, or limit the assignment

or effectiveness of the contract or lease are unenforceable anti-assignment or *ipso facto* clauses.

9.      All rights and defenses of the Debtors are preserved, including all rights and

defenses of the Debtors with respect to a claim for damages arising as a result of an executory

contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or

deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to

subsequently assert that any particular executory contract or Lease is terminated and is no longer

an executory contract or unexpired lease, respectively.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, except as expressly approved herein; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to, and in compliance with, the requirements imposed on

the Debtors under the terms of each interim and final order entered by the Court in respect of approving the DIP Motion filed substantially contemporaneously with the Motion (the "DIP Orders") (and any permitted variances thereto), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders or DIP Budget.  In the event of any inconsistency between the terms of this Order and the terms of the DIP Orders, the terms of the DIP Orders shall govern.

14.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # End of Order # # #**

Order submitted by:

*/s/ Holland N. O'Neil*
**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Mark C. Moore (TX 24074751)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile:  (214) 999-4667
honeil@foley.com
mmoore@foley.com
zzahn@foley.com

-and-

**ROPES & GRAY LLP**
Chris L. Dickerson (*pro hac vice* pending)
Rahmon J. Brown (*pro hac vice* pending)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com

*Proposed Counsel for the Debtors*

**<u>EXHIBIT 1</u>**

**Rejected Leases**

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 61 | 825 Dulaney Valley Road #108 | Baltimore (Towson) | MD | 21204 | TGI Friday's Inc. | Towson TC, LLC | c/o General Growth Properties 350 N. Orleans Street Suite 300 Chicago, IL 60654-1607 |
| 77 | 1725 Sunrise Highway | Bayshore | NY | 11706 | TGI Friday's NY, LLC | South Shore Mall Realty LLC South Shore CH LLC South Shore Nassim LLC | South Shore Mall Realty LLC c/o Namdar Realty Group 150 Great Neck Road Suite 304 Great Neck, NY  11021 |
| 82 | 829 Merrick Ave | Westbury | NY | 11590 | TGI Friday's NY, LLC | MartGart Merrick Ave Associates LLC | 1245 Hewlett Plaza Unit #56 Hewlett, NY  11557 |
| 129 | 7401 Sudley Road | Manassas | VA | 20109 | TGI Friday's Inc. | Sudley Restaurant Holdings, LLC | "15942 Shady Grove Road |
| 172 | 4482 Palisades Center Drive | West Nyack | NY | 10994 | TGI Friday's NY, LLC | EkleCo Newco, LLC | c/o Pyramid Management Group, LLC 4 Clinton Square Syracuse, NY  13202 |
| 177 | 7000 Austin Street | Forest Hills | NY | 11375 | TGI Friday's NY, LLC | Allied Austin, LLC | 118-35 Queens Blvd Forest Hills, NY  11375 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 193 | 4650 King Street | Alexandria | VA | 22302 | TGI Friday's Inc. | BRE South Pooled Office Owner, LLC | c/o Cushman & Wakefield 1525 Wilson Blvd Suite 229 Arlington, VA 22209 |
| 223 | 3181 Harness Ave | Brooklyn | NY | 11235 | TGI Friday's NY LLC | Zaliv LLC | 5 Continental Ave Forest Hills, NY 11375 |
| 238 | 8330 Benson Drive | Columbia | MD | 21045 | TGI Friday's of Howard County, Inc. | GRI Gateway Overlook, LLC | c/o First Washington Realty, Inc. 4350 East West Highway Suite 400 Bethesda, MD 20814 |
| 258 | 716 Sunrise Highway | Rockville Center | NY | 11570 | TGI Friday's Inc. | Rockville Restaurant LLC | c/o Philips International 295 Madison Ave 2nd Floor New York, NY 10017 |
| 278 | 2795 Cabot Drive | Corona | CA | 92883 | TGI Friday's Inc. | Dos Lagos Squared, LLC | 2780 Cabot Drive Suite 140 Corona, CA 92883 |
| 307 | 235 Ft. Evans Road NE | Leesburg | VA | 20176 | TGI Friday's Inc. | Virday LLC | 222 Grand Avenue Englewood, NY 07631 |
| 352 | 615 Bel Air Pike Building E, Unit Z | Bel Air | MD | 21014 | TGI Friday's of Harford County, Inc. | KRG Bel Air Square, LLC | c/o Kite Realty Group 30 South Meridian Street Suite 1100 Indianapolis, IN 46204 |
| 522 | 1035 Vann Drive | Jackson | TN | 38305 | TGI Friday's Inc. | Statepo, LLC and Tennjack, LLC | 222 Grand Avenue Englewood, NJ 07631 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 524 | 2820 Lakewood Village Dr | North Little Rock | AR | 72116 | TGI Friday's Inc. | Lakewood Village Shopping Park LLC | 2851 Lakewood Village Drive North Little Rock, AR 72116 |
| 525 | 1519 Crossroads Parkway | Gulfport | MS | 39503 | TGI Friday's Inc. | PMAT-Stirling Crossroads, LLC | c/o Stirling Properties, LLC 109 Northpark Blvd Suite 300 Covington, LA  70433 |
| 526 | 1201 Manhattan Blvd | Harvey | LA | 70058 | TGI Friday's Inc. | Far West Storage, L.P. | 4727 Osborne Drive El Paso, TX  79922 |
| 530 | 211 West 34th Street | Manhattan | NY | 10001 | TGI Friday's Inc. | DLR Properties, LLC | 560 Fifth Avenue New York NY 10036 |
| 539 | 3535 Hempstead Turnpike | Levittown | NY | 11756 | TGI Friday's NY, LLC | Crescent Land Development Associates, LLC | 370 Seventh Avenue Suite 618 New York, NY  10001 |
| 571 | 311 North Clark Road | Cedar Hill | TX | 75104 | TGI Friday's Inc. | Arizona Holdings BC, LLC | 6300 Rio Bonito Drive Carmichael Drive Carmichael, CA  95608 |
| 577 | 500 Ocean Drive | South Beach | FL | 33139 | TGI Friday's Inc. | Ocean & 5th Commercial LLC | 11801 NW 100 Road Miami, FL  33178 |
| 578 | 2000 Evans Road | Melbourne | FL | 32901 | TGI Friday's, Inc. | MP Promenade, LLC | c/o V3 Capital Group, LLC 200 Evans Road Melbourne, FL 32904 |
| 581 | 395 South Cedar Crest | Allentown | PA | 18103 | TGI Friday's Inc. | SUSO 4 Cedar Pointe LLP | c/o Slate Asset Management LP 121 King Street West Suite 200 Toronto, Ontario, M5H 3T9 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 582 | 580 North State Road #7 | Royal Palm Beach | FL | 33411 | TGI Friday's Inc. | ARC CafeUSA001, LLC | c/o Vereit, INc. 2325 E. Camelback Road 9th Floor Phoenix, AZ 85016 |
| 584 | 24 Ocean Shore Blvd | Ormond Beach | FL | 32176 | TGI Friday's Inc. | Granada Plaza Group, LLC | 444 Seabreeze Blvd Suite 1000 Daytona Beach, FL 32118 |
| 585 | 1910 Wells Road #C-05 | Orange Park | FL | 32073 | TGI Friday's Inc. | Orange Park Mall, LLC | c/o WP Glimcher Inc. 4900 East Dublin Granville Road 4th Floor Columbus OH 43081 |
| 586 | 2445 Vestal Parkway E | Vestal | NY | 13850 | TGI Friday's Inc. | Vestal Town Square, LLC | c/o Brixmor Property Group One Fayette Street Suite 150 Conshohocken, PA 19428 |
| 587 | 18001 Highwoods Preserve Hwy | Tampa | FL | 33647 | TGI Friday's Inc. | Highwoods Preserve Owner, LLC | co Acadia Realty Trust 411 Theodore Fremd Avenue Suite 300 Attn: Property Management |
| 589 | 125 White Spruce Blvd | Rochester | NY | 14623 | TGI Friday's Inc. | Brighton Commons Partnership, LP | 130 Linden Oaks Drive Rochester, NY 14625 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 590 | 830 County Route 64 | Big Flats | NY | 14903 | TGI Friday's Inc. | G&I IX Empire Big Flats, LLC | c/o DLC Management Corp 565 Taxter Road 4th Floor Elmsford, NY 10523 |
| 591 | 9090 Carousel Center Drive | Syracuse | NY | 13290 | TGI Friday's Inc. | Destiny USA Holdings, LLC | c/o Pyramid Management Group, LLC 4 Clinton Square Syracuse, NY 13202 |
| 592 | 1251 Route 300 | Newburgh | NY | 12550 | TGI Friday's Inc. | Newburgh Crossing, LLC | c/o Madison Properties 3611 14th Avenue Suite 420 Brooklyn, NY  11218 |
| 593 | 5 Centre Drive | Woodbury Township | NY | 10917 | TGI Friday's Inc. | Woodbury Centre Partners, LLC | c/o Blueshine Capital LLC 27 Robert Pitt Drive Monsey, NY  10952 |
| 594 | 23 Crystal Run Crossing | Wallkill | NY | 10941 | TGI Friday's Inc. | Middleyork, LLC | 222 Grand Avenue Englewood, NY 07631 |
| 595 | 2594 South Road Route 9 | Poughkeepsie | NY | 12601 | TGI Friday's Inc. | Poughkeepsie Plaza Mall, LLC | c/o Poughkeepsie Shopping Center, Inc. 8 Depot Square Tuckahoe, NY  10707 |
| 596 | 1209 Niagara Falls Blvd | Buffalo (Amherst) | NY | 14226 | TGI Friday's Inc. | Jemal's Boulevard LLC | c/o Zamias Services Inc. P.O. Box 5540 Johnstown, PA  15904 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|-------|---------|------|-------|-----|---------------|----------|-----------------------|
| 597 | One Southside Drive | Clifton Park | NY | 12065 | TGI Friday's Inc. | One Southside Drive, LLC | c/o Windsor Companies 5 Southside Drive Suite 200 Clifton Park, NY 12065 |
| 599 | 3060 Route 50 | Saratoga Springs | NY | 12866 | TGI Friday's Inc. | The Shoppes at Wilton, LLC | c/o Maley Commercial Realty, Inc. 213 N. Stadium Blvd Suit 203 Columbia, MD 65203 |
| 621 | 455 State Road | North Dartmouth | MA | 02747 | TGI Friday's Inc. | Dartmouth Commons Development LLC | 546 Fifth Avenue 15th Floor New York, NY  10036 |
| 624 | 1701 Route 22 #100 | Watchung | NJ | 07069 | TGI Friday's Inc. | Levin Properties LP | 975 S. Highway 22 North Plainfield, NJ 07040-3624 |
| 625 | 411 Hackensack Avenue, 1st Floor | Hackensack | NJ | 07601 | TGI Friday's Inc. | Continental Plaza Owner, LLC, and Continental Plaza TIC, LLC | clofaro@newjerseylawyers.law |
| 626 | 395 US Highway 202/206 | Bridgewater | NJ | 08807 | TGI Friday's Inc. | Somerset County Shopping Center | c/o Levin Properties LP 975 US Highway 22 North Plainfield, NJ 07060-3624 |
| 630 | 685 Middletown Blvd | Oxford Valley | PA | 19047 | TGI Friday's Inc. | Lincoln Plaza Center, LP | c/o Kravco Simon Company 225 West Washington Street Indianapolis, IN  46204 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 632 | 970 Route 73 N | Marlton (Evesham) | NJ | 08053 | Webco Products, Inc. | Greentree Square Affiliates, LLC | c/o Mainardi Management Co 1680 Route 23 Suite 300 Wayne, NJ  07470 |
| 634 | 2125 Route 38 | Cherry Hill | NJ | 08002 | TGI Friday's Inc. | American Multi-Cinema, Inc. | One AMC Way 11550 Ash Street Suite 200 Leawood, KS  66211 |
| 638 | 335 Union Street | Waterbury | CT | 06706 | TGI Friday's Inc. | Brass Mill Commons Ralty Holding LLC | c/o Brass Mill Center 495 Union Street Suite 139 Waterbury, Ct  06706 |
| 639 | 130 Elm Street | Enfield | CT | 06082 | TGI Friday's Inc. | Freshwater MZI, LLC | c/o KPR Centers LLC 535 Fifth Avenue 12th Floor NY, NY  10017 |
| 655 | 280 School Street, Suite A100 | Mansfield | MA | 02048 | TGI Friday's, Inc. | Route 140 School Street | 33 Boylston Street Suite 3000 Chestnut Hill, MA 02467 |
| 656 | 1385 S. Washington St | North Attleboro | MA | 02760 | TGI Friday's, Inc. | Belridge Realty Company, LLC Fern Realty Company, LLC Iantosca Realty Company, LLC Faxon Heights Realty Company, LLC | 325 Wood Road Suite 202 Braintree, MA  02184 |
| 658 | 750 Providence Highway | Dedham | MA | 02026 | TGI Friday's Inc. | Dedham 800, LLC | P.O. Box 890 Norwood, MA 02062 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 667 | 1285 Gulf Freeway | Houston (Almeda) | TX | 77034 | TGI Friday's Inc. | Vinsue Corporation | 5 Genmare Mews Nyack, NY 10960 |
| 668 | 130 Elm Street | Humble | TX | 77338 | TGI Friday's Inc. | BVA Deerbrook SPE LLC Deerbrook SPE Schulmann LLC | c/o Big V Properties LLC 176 North Main Street Suite 210 Florida, NY 10921 |
| 669 | 180 State Route 25 S Suite 6000 | Houston (Willowbrook) | TX | 77070 | TGI Friday's inc. | The Commons at Willowbrook, Inc. | c/o Stream Realty Partners - Houston LP 3040 Post Oak Suite 600 Houston, TX 77056 |
| 675 | 6721 La Tijera Blvd | Ladera | CA | 90045 | TGI Friday's Inc. | Rose Investment Co., LLC | c/o Jones Lang LaSalle Americas, Inc. 2233 North Ontario Avenue Suite 150 Burbank, CA 91540 |
| 677 | 12721 Towne Center Drive | Cerritos | CA | 90703 | TGI Friday's Inc. | Cerritos TC Property LLC | c/o Vestar Management 2415 E. Camelback Road Suite 100 Phoenix, AZ 85016 |
| 679 | 3339 W. Entertainment Avenue | Simi Valley | CA | 93063 | TGI Friday's Inc. | Simi Entertainment Plaza, LLC | c/o Riverrock Real Estate Group 5016 N. Parkway Suite 210 Suite 220 Calabasas, CA 91302 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 680 | 1077 E. Herndon Avenue | Fresno | CA | 93710 | TGI Friday's Inc | Norther Village Associates LP LS Capital Inc. | 13949 Ventura Blvd Suite 300 Sherman Oaks, CA 91423 |
| 681 | 7221 Carson Blvd | Long Beach | CA | 90808 | TGI Friday's Inc. | CREA/PPC Long Beach Towne Center PO, LLC | c/o Barings LLC 2321 Rosencrans Avenue Suite 4225 El Segundo, CA  90245 |
| 682 | 7910 Kew Avenue | Rancho Cucamonga | CA | 91739 | TGI Friday's Inc. | Rancho Mall, LLC | Terminal Tower 50 Public Square Suite 1360 Cleveland, OH  44113 |
| 683 | 2795 Cabot Drive | Corona | CA | 92883 | TGI Friday's Inc. | Dos Lagos Squared, LLC | 2780 Cabot Drive Suite 140 Corona, CA  92883 |
| 684 | 390 E. Hospitality Lane | San Bernardino | CA | 92408 | TGI Friday's Inc. | Benjamin Schick | 3876 Via Dolce Marina del Rey, CA 90292 |
| 685 | 3487 Tyler Mall Street | Riverside | CA | 92503 | TGI Friday's Inc. | Tyler Mall LP | c/o GGP, Inc. 1299 Galleria at Tyler Riverside, CA 92503 |
| 686 | 2625 E. Eastland Ctr. Dr | West Covina | CA | 91791 | TGI Friday's Inc. | GREF Eastland Center, LP | c/o Pine Tree Commercial Realty 40 Skokie Blvd 60062 Suite 610 Northbrook, IL |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 687 | 3518 Rosemead Blvd | Rosemead | CA | 91770 | TGI Friday's Inc. | Rosemead Place, LLC | c/o Beacon Property Management 3505 Hart Avenue Suite 214 Rosemead, CA  91770 |
| 688 | 2050-B Westminster Mall | Westminster | CA | 92683 | TGI Friday's, Inc. | Westminster Mall, LLC | c/o Washington Prime Group 180 East Broad Street Columbus, OH  73215 |
| 690 | 348 Boston Post Road | Orange | CT | 06477 | TGI Friday's Inc. | 231st CGS, LLC Beachwood RFM LLC Beachwood FAM LLC | 127 W 83rd Street Box 1052 New York, NY  10024 |
| 691 | 2335 Dixwell Ave | Hamden | CA | 06514 | TGI Friday's Inc. | RREEF Management LLC | Deutsche Asset & Wealth Management 3414 Peachtree Road NE Suite 950 Atlanta, GA  30326 |
| 693 | 209 Hale Road | Manchester | CT | 06040 | TGI Friday's Inc. | RAMA Shopping Center, Inc. | 884 Washington Street Norwood, MA  02062 |
| 696 | 3054 State Route 35 | Hazlet | NJ | 07730 | TGI Friday's Inc. | OASG Hazlet LLC | c/o Onyx Management Group, LLC 900 Route 9 North Suite 400 Woodbridge, NJ  07095 |
| 698 | 495 Prospect Ave. | North Brunswick | NJ | 07052 | TGI Friday's Inc. | Kimco North Brunswick 617, LLC | 500 North Broadway Suite 201 P.O. Box 9010 Jericho, NY  11753 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 699 | 40 US Highway 22 | Springfield | NJ | 07081 | TGI Friday's Inc. | Fairview Realty Associates LLC Brenda Phillips LLC | c/o Mandelaum 80 Main Street West Orange, NJ 07052 |
| 735 | 1315 Centennial Ave | Piscataway | NJ | 08854 | TGI Friday's Inc. | Centennial Square, LLC | 829 Morris Turnpike Suite 301 Short Hills, NJ 07078 |
| 737 | 780 Route 130 South | Hamilton | NJ | 08620 | TGI Friday's Inc. | Hamilton Commons Associates LP | 4569 S. Broad Street Hamilton, NJ 08620 |
| 739 | 1001 US Highway 9 | Old Bridge | NJ | 08857 | TGI Friday's Inc. | Old Bridge Plaza Associates, LLC | 820 Morris Turnpike Short Hills, NJ  07080 |
| 745 | 500 Highway 17 North | North Myrtle Beach | SC | 29582 | TGI Friday's Inc. | The Gator Hold DEVCO DE, LLC | c/o TKG Management, Inc. 211 N. Stadium Blvd #201 Columbia, MD  65201 |
| 746 | 7515 N. Kings Highway | Myrtle Beach | SC | 29572 | TGI Friday's Inc. | Land Lease Holdings, LLC | P.O. Box 7577 Myrtle Beach, SC 29572 |
| 782 | 3045 Expy Drive N. | Hauppauge | NY | 11788 | TGI Friday's NY LLC | Cosentino Realty Islandia, LLC | c/o The Cosentino Realty Group 6 Garet Place 2nd Floor Commack, NY  11725 |
| 790 | 4204 Sunrise Highway | Massapequa | NY | 11762 | TGI Friday's NY, LLC | Sunrise Promenade Associates | c/o Spiegel Associates 375 North Broadway, PH Jericho, NY  11753 |

| Store | Address | City | State | Zip | Tenant/Debtor | Landlord | Landlord Contact Info |
|---|---|---|---|---|---|---|---|
| 999 (Dallas Support Center) | 19111 North Dallas Parkway | Dallas | TX | 75287 | TGI Friday's Inc. | Brookwood Interchange Office I, LLC Brookwood Interchange Office II, LLC | 5001 LBJ Freeway Suite 120 Dallas, TX  75244 |

**Rejected Contracts**

| Store | Agreement | Debtor | Contract Counterparty | Counterpartyu Contact Info |
|---|---|---|---|---|
| 625 | Stipulation of Settlement | TGI Friday's Inc. | Continental Plaza Owner, LLC, and Continental Plaza TIC, LLC | clofaro@newjerseylawyers.law |
| 632 | Termination of Lease Agreement | Webco Products, Inc. | Greentree Square Affiliates, LLC | c/o Mainardi Management Co 1680 Route 23 Suite 300 Wayne, NJ  07470 |
| 656 | Termination of Lease Agreement | TGI Friday's, Inc. | Belridge Realty Company, LLC Fern Realty Company, LLC Iantosca Realty Company, LLC Faxon Heights Realty Company, LLC | 325 Wood Road Suite 202 Braintree, MA  02184 |
| 658 | Termination of Lease Agreement | TGI Friday's Inc. | Dedham 800, LLC | P.O. Box 890 Norwood, MA 02062 |
| 691 | Settlement of Agreement | TGI Friday's Inc. | RREEF Management LLC | Deutsche Asset & Wealth Management 3414 Peachtree Road NE Suite 950 Atlanta, GA  30326 |

| Store | Agreement | Debtor | Contract Counterparty | Counterpartyu Contact Info |
|-------|-----------|--------|-----------------------|----------------------------|
| 782 | Lease Surrender Agreement and Stipulation | TGI Friday's NY LLC | Cosentino Realty Islandia, LLC | c/o The Cosentino Realty Group<br>6 Garet Place<br>2nd Floor<br>Commack, NY  11725 |
| 790 | Stipulation of Settlement | TGI Friday's NY, LLC | Sunrise Promenade Associates | c/o Spiegel Associates<br>375 North Broadway, PH<br>Jericho, NY  11753 |