# **EXHIBIT B**

**Dickerson Declaration**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> TGI Friday's Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-80069-sg11 <br><br> (Jointly Administered) |

**DECLARATION OF CHRIS L. DICKERSON**
**IN SUPPORT OF THE APPLICATION OF DEBTORS FOR**
**AUTHORITY TO RETAIN AND EMPLOY ROPES & GRAY LLP**
**AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, Chris L. Dickerson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am a partner of the firm of Ropes & Gray LLP ("Ropes & Gray"), which maintains offices at 1211 Avenue of the Americas, New York, New York 10036 and 191 North Wacker Drive, Chicago, Illinois 60606. I am the lead attorney from Ropes & Gray working on matters related to the above-captioned chapter 11 cases (the "Chapter 11 Cases"). I am an attorney at law, admitted to practice in, and in good standing as a member of, the Bar of the State of Illinois and the U.S. District Courts for the Northern District of Illinois. There are no disciplinary proceedings pending against me.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: TGI Friday's Inc. (7117); TGI Friday's NY, LLC (2281); TGIF Holdings, LLC (7999); TGIF Midco, Inc. (7296); TGIF Parent, Inc. (1781); Burlington Towne Crossing, Inc. (7501); T G I Friday's of Greenbelt, Inc. (5617); T G I Friday's of Towson, Inc. (5450); T G I Friday's of Wisconsin, Inc. (7600); T.G.I. Friday's Marketing Advisory Council (6527); T.G.I. Friday's of Charles County, Inc. (3516); T.G.I. Friday's of Frederick County, Inc. (2547); T.G.I. Friday's of Harford County, Inc. (0072); T.G.I. Friday's of Washington County, Inc. (6174); TGI Friday's of Annapolis, Inc. (8315); TGI Friday's of Howard County, Inc. (0119); TGI Friday's of Rockville, Inc. (2004); TGI Friday's of Texas LLC (3931); TGI Friday's of the Rockies, Inc. (7885); TGIF/DFW Manager, LLC (N/A); TGIF/DFW Partner, LLC (N/A); TGIF/JDC Restaurant Development, LLC (N/A); WEBCO Products Incorporated (3014). The Debtors' service address is 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287.

2. I submit this declaration (this "Declaration") pursuant to section 327(a), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Ropes & Gray LLP as Attorneys for the Debtors Effective as of the Petition Date* (the "Application")[2] filed contemporaneously herewith by the debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"). Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify thereto.[3]

## ROPES & GRAY'S QUALIFICATIONS

3. The Debtors and Ropes & Gray entered into an engagement agreement effective as of October 4, 2024 (the "Engagement Agreement"). Pursuant to the Engagement Agreement, the Debtors retained Ropes & Gray to provide legal services with respect to consideration and, as applicable, implementation of one or more strategic alternatives, including a potential restructuring of the Debtors through the commencement of cases under the Bankruptcy Code. A copy of the Engagement Agreement is attached to the Application as **Exhibit D**.

4. Since entering into the Engagement Agreement, the Debtors and Ropes & Gray have worked closely with respect to the matters set forth therein. As a result, Ropes & Gray has become uniquely familiar with the Debtors' affairs as well as many of the potential legal issues

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] Certain of the disclosures herein are related to matters within the knowledge of attorneys of Ropes & Gray and are based on information provided by them.

2

that might arise in the context of the Debtors' Chapter 11 Cases. Ropes & Gray has provided advice to and assisted the Debtors in all aspects of their restructuring efforts and has been instrumental in the Debtors' preparation of these Chapter 11 Cases, including preparing and drafting various documents and pleadings in connection with these Chapter 11 Cases.

5. I understand that the Debtors selected Ropes & Gray as their restructuring counsel because of the experience and knowledge of the restructuring attorneys leading these Chapter 11 Cases in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Ropes & Gray has been actively involved in representing debtors in a plethora of recent Chapter 11 Cases, including, among others: *Exactech, Inc.*, No. 24-12441 (Bankr. D. Del. 2024) (counsel to the Debtors); *Hardinge Inc.*, No 24-11605 (Bankr. D. Del. 2024) (counsel to the Debtors); *Never Slip Holdings, Inc.*, 24-10663 (Bankr. D. Del. 2024) (counsel to the Debtors); *Legacy IMBDS, Inc.*, No. 23-10852 (Bankr. D. Del. 2023) (counsel to the Debtors); *In re FB Debt Financing Guarantor, LLC*, No. 23-10025 (Bankr. D. Del.) (counsel to the Debtors); *In re Vesta Holdings, LLC*, No. 22-11019 (Bankr. D. Del.) (counsel to the Debtors); *In re OSG Group Holdings, Inc.*, No. 22-10718 (Bankr. D. Del.) (counsel to the Debtors); *In re Vewd Software USA, LLC,* No. 21-12065 (Bankr. S.D.N.Y.) (counsel to the Debtors); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (Bankr. D. Del.) (counsel to the Debtors); *In re Rubio's Restaurants, Inc.*, No. 20-12688 (Bankr. D. Del.) (counsel to the Debtors); *In re Centric Brands Inc.*, No. 20-22637 (Bankr. S.D.N.Y.) (counsel to the Debtors); and *In re VIP Cinema Holdings, Inc.*, No. 20-10345 (Bankr. D. Del.) (counsel to the Debtors). I believe that Ropes & Gray has assembled a highly qualified team of professionals and paraprofessionals to provide services to the Debtors during these Chapter 11 Cases.

6. I have extensive experience in corporate restructurings, chapter 11 reorganizations

3

and sales and related matters, and have over 15 years of experience in chapter 11 reorganization cases nationwide, including numerous debtor representations, such as Atlas Energy, Circuit City Stores, CIT Group, One Aviation Corporation, US Airways, Vanguard Natural Resources, and White Stallion Energy. I have also represented secured lenders, providers of debtor in possession financing, unsecured creditors, and potential purchasers of assets.

7. Other professionals and paraprofessionals in Ropes & Gray's business restructuring practice and in other practice areas, many of whom also have extensive experience in corporate restructuring generally and debtor representations in reorganization cases specifically, will participate in the representation of the Debtors in these Chapter 11 Cases.

8. Due to Ropes & Gray's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, I believe that Ropes & Gray is well qualified and uniquely able to act on the Debtors' behalf and to guide them through these Chapter 11 Cases. Accordingly, subject to this Court's approval of the Application, Ropes & Gray is willing to perform the services requested by the Debtors, as set forth herein and in the Engagement Agreement.

**SERVICES TO BE RENDERED**

9. Subject to further order of the Court, and consistent with the Engagement Agreement, the Debtors request the retention and employment of Ropes & Gray to render the following, among other, legal services:[4]

   a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

---

[4] Ropes & Gray LLP is proposed counsel to the Debtors in these Chapter 11 Cases. For the avoidance of doubt, Ropes & Gray LLP does not represent any of the Debtors' principals in these Chapter 11 Cases.

4

    b.    advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

    c.    advising the Debtors regarding related tax matters;

    d.    taking any necessary action on behalf of the Debtors to negotiate, draft, and obtain approval of a chapter 11 plan and all documents related thereto;

    e.    representing the Debtors in connection with obtaining authority to use cash collateral and postpetition financing;

    f.    representing the Debtors in connection with obtaining authority to sell all or some of the Debtors' assets;

    g.    attending meetings and negotiating with representatives of creditors and other parties in interest;

    h.    taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning litigations in which the Debtors are involved, including objections to the claims filed against the Debtors' estates;

    i.    preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

    j.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates; and

    k.    performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

10.    Ropes & Gray understands that the Debtors will file retention applications for other professionals in these Chapter 11 Cases. Ropes & Gray has informed the Debtors that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other

5

professionals retained in these Chapter 11 Cases.

## ROPES & GRAY'S DISINTERESTEDNESS

11. To the best of my knowledge, and except as otherwise set forth herein, Ropes & Gray (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, (b) does not hold or represent any interest adverse to the Debtors' estates, and (c) does not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accounts, the U.S. Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the office of the same.

12. Ropes & Gray has represented in the past, currently represents, and in the future likely will represent certain creditors of the Debtors and other parties in interest appearing in these Chapter 11 Cases in matters unrelated to the Debtors, these Chapter 11 Cases, or such entities' claims against or interests in the Debtors. Prior to the commencement of these Chapter 11 Cases, Ropes & Gray undertook a thorough review of its computerized database regarding client representations (the "Client Database") to determine whether it had any connections or other relationships with parties in interest in these Chapter 11 Cases, which review will continue throughout the pendency of these Chapter 11 Cases. Ropes & Gray submitted to the Client Database the names of the Debtors and significant parties in interest in the Debtors' Chapter 11 Cases (all identified by the Debtors or their professionals since the date of the Engagement Agreement) listed on **Schedule 1** attached hereto (each, a "Searched Party," and collectively, the "Searched Parties"). When an entity has a name similar to a Searched Party, or is possibly related to a Searched Party, those entities have also been searched.

6

13. Ropes & Gray also solicited information regarding possible connections to the Debtors by firm-wide email to its partners and employees and has determined that except as otherwise set forth herein.

  a. Neither Ropes & Gray nor any attorney at Ropes & Gray holds or represents an interest adverse to the Debtors' estates.

  b. Neither Ropes & Gray nor any attorney at Ropes & Gray is or was a creditor or an insider of the Debtors, except that Ropes & Gray previously has rendered legal services to the Debtors for which it has been compensated as disclosed below.

  c. Neither Ropes & Gray nor any attorney at Ropes & Gray is or was, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors.

  d. Ropes & Gray does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors specified in the foregoing paragraphs, or for any other reason.

14. As provided in more detail in the subsequent paragraphs of this Declaration, of the entities listed on **Schedule 1**, Ropes & Gray currently represents, or has represented within the past three years the following entities (or their known affiliates).

15. **The Debtors and Their Non-Debtor Affiliates.** As set forth herein, by the Engagement Agreement effective as of October 4, 2024, the Debtors retained Ropes & Gray to represent the Debtors in connection with consideration and, as applicable, implementation of one or more strategic alternatives, including a potential restructuring of the Debtors through the commencement of cases under the Bankruptcy Code. Ropes & Gray does not currently nor has it in the past represented any of the Non-Debtor Affiliates listed on **Schedule 1**. The Non-Debtor Affiliates are affiliates of the Debtors, and Ropes & Gray has not represented, and will not represent, the Non-Debtor Affiliates in connection with any matter adverse to the Debtors during the pendency of these Chapter 11 Cases.

7

16. **Current Directors**.  Ropes & Gray currently represents or has represented Mike Taylor in matters unrelated to these Chapter 11 Cases.

17. **Current Officers**.  Ropes & Gray currently represents or has represented Robert Miller and Mike Taylor in matters unrelated to these Chapter 11 Cases.

18. **Former Directors and Officers**.  Ropes & Gray does not currently nor has it in the past represented any of the Former Directors and Officers listed on **Schedule 1**.

19. **Franchisors**.  Ropes & Gray does not currently nor has it in the past represented any of the Franchisors listed on **Schedule 1**.

20. **Significant Equity Holders**.  Ropes & Gray currently represents or has represented Robert Miller in matters unrelated to these Chapter 11 Cases.

21. **Administrative Agents and Independent Trustees**.  Ropes & Gray represents or has represented the following Administrative Agents and Independent Trustees or their respective affiliates in matters unrelated to these Chapter 11 Cases: Citibank and Barclays.

22. **Banks**.  Ropes & Gray currently represents or has represented US Bank, Wells Fargo, and Bank of America in matters unrelated to these Chapter 11 Cases.

23. **Lenders and Secured Creditors**.  Ropes & Gray currently represents or has represented TriArtisan Capital Advisors LLC and Southeast Restaurant Group (SRG) in matters unrelated to these Chapter 11 Cases.

24. **Litigation Counterparties.**  Ropes & Gray does not currently nor has it in the past represented any of the Litigation Counterparties listed on **Schedule 1**.

25. **Insurance Providers and Brokers.**  Ropes & Gray currently represents or has represented the following Insurance Providers and Brokers or their respective affiliates in matters unrelated to these Chapter 11 Cases: Lockton Companies, LLC, Employers Insurance Company

8

of Wausau, QBE Insurance Corporation, AXIS Insurance Company, XL Insurance America, Inc., Fireman's Fund Insurance Company, and AFCO Direct.

26. **Employee Benefits Providers**.  Ropes & Gray currently represents or has represented the following Employee Benefits Providers or their respective affiliates in matters unrelated to these Chapter 11 Cases: United Healthcare, Voya, and BlueCross Blue Shield.

27. **Landlords.**  Ropes & Gray does not currently nor has it in the past represented any of the Landlords listed on **Schedule 1**.

28. **Contract Counterparties**.  Ropes & Gray represents or has represented the following Contract Counterparties or their affiliates in matters unrelated to these Chapter 11 Cases: Bistro Hospitality Pvt. Ltd., Juliecom S.A., and Viernes de Honduras S.A. de C.V.,

29. **Debtor Professionals.** Ropes & Gray represents or has represented the following Debtor Professionals or their affiliates in matters unrelated to these Chapter 11 Cases: Berkeley Research Group and Stretto.

30. **Ordinary Course Professionals.** Ropes & Gray represents or has represented the following Ordinary Course Professionals or their affiliates in matters unrelated to these Chapter 11 Cases: Seyfarth Shaw LLP, Sedgwick, and Haynes & Boone.

31. **Creditor Professionals.** Ropes & Gray represents or has represented the following Creditor Professionals or their affiliates in matters unrelated to these Chapter 11 Cases: Kramer Levin Naftalis & Frankel LLC and Houlihan Lokey, Inc.

32. **Top 50 Unsecured Creditors.**  Ropes & Gray represents or has represented the following Top 50 Unsecured Creditors or their affiliates in matters unrelated to these Chapter 11 Cases: Creating Culinary Community LLC and DK Crown Holdings Inc (d/b/a DraftKings Inc).

33. **Competitors**.  Ropes & Gray does not currently nor has it in the past represented

9

any of the Competitors listed on **Schedule 1**.

34. **Vendors.** Ropes & Gray represents or has represented the following Vendors or their affiliates in matters unrelated to these Chapter 11 Cases: Microsoft Corporation, Cheetah Digital Inc., DK Crown Holdings Inc (d/b/a DraftKings Inc), Staples Inc., Coca-Cola North America, ServiceNow, Inc., and Directv, Inc.

35. **Utilities.** Ropes & Gray currently represents or has represented the following Utilities or their affiliates in matters unrelated to these Chapter 11 Cases: National Grid, Town of Hempstead, NY – Department of Water, Potomac Electric Power Company, Town of Vestal, NY – Utility Fund, Teco Tampa Electric Company, Town of Newburgh, NY, Town of Wallkill, NY, Sprague Operating Resources LLC, Town of Dartmouth, MA, Eversource Energy, PECO, and Dominion Energy South Carolina.

36. **Taxing Authorities, Government, or Regulatory Agencies.** Ropes & Gray represents or has represented the following Taxing Authorities, Government, or Regulatory Agencies or their affiliates in matters unrelated to these Chapter 11 Cases: Texas Comptroller - Franchise.

37. **Office of the U.S. Trustee.** Ropes & Gray does not currently nor has it in the past represented any of the members of the Office of the U.S. Trustee listed on **Schedule 1**.

38. **Bankruptcy Judges.** Ropes & Gray does not currently nor has it in the past represented any of the Bankruptcy Judges listed on **Schedule 1**.

39. For some of the identified clients, or affiliates of clients, of Ropes & Gray listed above, Ropes & Gray has conflict waivers for such identified clients or their affiliates on file. In the event that Ropes & Gray does not have a conflict waiver for any of the identified clients or their affiliates listed above, Ropes & Gray shall not represent such identified clients or their

10

affiliates and shall advise such identified clients or their affiliates to seek representation from alternative counsel.

40. Ropes & Gray has instituted and will continue to engage in further inquiries regarding the Debtors' constituencies and parties in interest through further inquiries of its partners, counsel, and associates with respect to the matters contained herein. Ropes & Gray will promptly file a supplemental declaration should the results of these inquiries reveal material facts not disclosed herein.

41. Ropes & Gray will continue to comply with its ongoing duty to notify this Court if any actual conflict arises, and if necessary, arrange for an "ethical wall" with respect to the Ropes & Gray attorney(s) who worked on the matter.

42. In view of the foregoing, I believe that Ropes & Gray is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

**PROFESSIONAL COMPENSATION**

43. Ropes & Gray has provided and agrees to continue to provide assistance to the Debtors in accordance with the terms and conditions set forth in the Application and the Engagement Agreement. In connection with entry into the Engagement Agreement, the Debtors initially provided Ropes & Gray with a $350,000 payment as an advance payment retainer, which amount was increased prior to the filing (the "Advanced Payment Retainer"). As set forth in the Engagement Agreement, Ropes & Gray was permitted to apply the amount of any invoices for fees and services against the Advanced Payment Retainer upon issuing an invoice and the Debtors were then to pay the invoiced amount to replenish the Advanced Payment Retainer.

44. Since entering into the Engagement Agreement and obtaining the initial payment

11

of the Advanced Payment Retainer, Ropes & Gray has issued a number of invoices to the Debtors and requested that the Debtors increase the Advanced Payment Retainer as well as to pay estimated fees in advance of providing certain services. Based upon outstanding prepetition fees and expenses identified and accounted for as of the Petition Date as well as increases in the Advanced Payment Retainer based on requests for estimated fees in advance of services provided, the amount of Ropes & Gray's Advanced Payment Retainer as of the Petition Date was $0.

45. As set forth in the table below, during the ninety (90) days prior to the Petition Date, Ropes & Gray received total payments in the aggregate amount of $600,000.00 as payments for professional services actually performed or to be performed in connection with the preparation and commencement of these Chapter 11 Cases and increases in the Advanced Payment Retainer.

| Transaction Type | Date | Billed Amount | Payment Amount | Advanced Payment Retainer Balance |
|---|---|---|---|---|
| Invoice #1639596 for Advance Payment Retainer | 10/07/2024 | $350,000.00 | - | - |
| Payment of Invoice #1639596 | 10/10/2024 | - | $350,000.00 | $350,000.00 |
| Invoice #1645366 for Services | 10/22/2024 | $330,870.67 | - | $19,129.33 |
| Invoice #1645377 for Advance Payment Retainer Replenishment | 10/22/2024 | $250,000.00 | - | $19,129.33 |
| Payment of Invoice #1645377 | 10/29/2024 | - | $250,000.00 | $269,129.33 |
| Invoice #1651518 for Services | 11/01/2024 | $269,129.33 | - | - |
| **TOTAL** | | | $600,000.00 | - |

46. Within the 45 days following the Petition Date, Ropes & Gray intends to issue a final detailed fee statement to the Debtors for the actual fees, charges, and disbursements incurred

12

for the period prior to the Petition Date (the "Final Prepetition Bill Amount").  Pursuant to the Engagement Agreement, Ropes & Gray intends to apply the Final Prepetition Bill Amount against the Advanced Payment Retainer existing as of the Petition Date.

47.    Pursuant to Bankruptcy Rule 2016(b), Ropes & Gray has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys with Ropes & Gray or (b) any compensation another person or party has received or may receive.

48.    For professional services rendered during these Chapter 11 Cases, Ropes & Gray's fees are based in part on its guideline hourly rates, which are periodically adjusted.  Ropes & Gray currently bills the Debtors at the following hourly rates:  $1,520 to $2,350 for partners; $830 to $2,330 for counsel; $770 to $1,390 for associates; and $285 to $650 for paraprofessionals.

49.    I am the restructuring attorney leading the Ropes & Gray engagement in these Chapter 11 Cases and my present hourly rate is currently $1,620.

50.    Consistent with Ropes & Gray's policy with respect to its other clients, Ropes & Gray will assign work to lawyers, paraprofessionals and other staff who can provide the necessary services to the Debtors in the most efficient and cost-effective manner.

51.    In accordance with the Engagement Agreement, Ropes & Gray will continue to charge the Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

52.    During the course of these Chapter 11 Cases, Ropes & Gray will apply to the Court

for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines, and any orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for interim payment against Ropes & Gray's reasonable fees and expenses to be determined at the conclusion of these Chapter 11 Cases.

53. Ropes & Gray will accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in these cases.

54. Additionally, Ropes & Gray will seek compensation for all time and expenses associated with its retention as a section 327(a) professional, including the preparation of this Application, this Declaration, the Richter Declaration, and related documents, as well as any monthly fee statements, interim fee applications and final fee application.

55. Other than as set forth above, no arrangement is proposed between the Debtors and Ropes & Gray for compensation to be paid in these Chapter 11 Cases.

56. Except for such sharing arrangements among Ropes & Gray, its affiliated law practice entities, and their respective members, Ropes & Gray has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to section 504(b)(1) of the Bankruptcy Code.

57. The following is provided in response to the request for additional information set

forth in Paragraph D.1 of the UST Guidelines:

**Question:** **Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?**

Answer: No.

**Question:** **Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?**

Answer: No.

**Question:** **If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.**

Answer: Ropes & Gray was initially engaged by TGIF Holdings, LLC as the Debtors' restructuring counsel on October 4, 2024 pursuant to the Engagement Agreement.

**Question:** **Have the Debtors approved your prospective budget and staffing plan, and, if so, for what budget period?**

Answer: The Debtors' approved a budget and staffing plan for Ropes & Gray covering the period from the Petition Date through December 28, 2024.

[*Remainder of Page Intentionally Left Blank*]

15

  I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief and after reasonable inquiry, the foregoing is true and correct.

Dated:  November 29, 2024

                   */s/ Chris L. Dickerson*
                   Chris L. Dickerson