UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF TEXAS

BEFORE THE HONORABLE STACEY G. JERNIGAN, CHIEF JUDGE

| | |
|---|---|
| In Re: | ) Case No. 24-80069-sgj11 |
| TGI FRIDAY'S INC., aka CONVICTION CHICKEN, aka APPS ALL AROUND, aka WOW BOA aka KRISPY RICE, | ) HEARING on DEBTORS' EMERGENCY MOTIONS |
| Debtor. | ) January 31, 2025 ) Dallas, Texas |

Hearing on: Debtors' emergency motion for: Entry of an order (1) Authorizing rejection of certain nonresidential real property leases, (II) Abandoning certain personal property, and (III) Granting related relief (Docket 479);

And:

Debtors' emergency motion for entry of an order: (I) Approving the sales of certain assets of the debtors outside of the ordinary course of business, (II) Authorizing the sales of assets free and clear of all liens, claims, interests and encumbrances, (III) Authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith, and (IV) Granting related relief (Docket 478).

Appearances:

For the Debtor:

Zachary Zahn
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

Chris L. Dickerson
Rahmon J. Brown
Ropes & Gray LLP
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606-4302

Appearances continued on next page.

Appearances continued:

| | |
|---|---|
| For Texas Partner Bank, Creditor: | Kristian W. Gluck<br>Toby L. Gerber (via WebEx)<br>Norton Rose Fulbright US LLP<br>2200 Ross Avenue, Suite 3600<br>Dallas, Texas 75201 |
| For Acting Assistant United States Trustee Lisa L. Lambert: | Elizabeth Ziegler Young, Trial Attorney<br>U.S. Department of Justice<br>Office of the United States Trustee<br>Earle Cabell Federal Building<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75202 |
| For The Domain Enterprises DFW, L.P. and RSH Concessions, Creditors: | Peter C. Lewis<br>Scheef & Stone, L.L.P.<br>Ross Tower<br>500 North Akard Street, Suite 2700<br>Dallas, Texas 75201 |

Appearances via WebEx:

| | |
|---|---|
| For the Official Committee of Unsecured Creditors: | Theodore S. Heckel<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017 |
| For FTI Consulting, Inc., in its capacity as Back-Up Manager for TGIF SPV Guarantor, LLC; TGIF Funding, LLC; and TGI Fridays Franchisor, LLC, Creditor: | Andrew Pollack<br>Kelly Porcelli<br>Alexander Woolverton<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036 |
| For Midland Loan Services, a Division of PNC Bank, National Association, Creditor: | Alan M. Feld<br>Sheppard Mullin Richter & Hampton, LLP<br>350 South Grand Avenue, 40th Floor<br>Los Angeles, California 90071-3460 |
| For Citibank, N.A.: | Dormie Yu Heng Ko<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.<br>919 Third Avenue<br>New York, New York 10022 |

Appearances continued on next page.

<u>Appearances via WebEx</u>:

| | |
|---|---|
| For Azalea Joint Venture, LLC, and other landlords: | Nahal Zarnighian<br>Ballard Spahr LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, California 90067-2915 |
| For Midland Loan Services, a Division of PNC Bank, National Association: | Alexandria G. Lattner<br>Sheppard Mullin Richter & Hampton, LLP<br>650 Town Center Drive, Tenth Floor<br>Costa Mesa, California 92626 |
| For FTI Consulting, Inc.: | Deborah M. Perry<br>Munsch Hardt Kopf & Harr, PC<br>500 North Akard Street, Suite 400<br>Dallas, Texas 75201-6605 |
| For landlords, incl. Kimco, Crooked Run, and Simon Properties: | Michelle E. Shriro<br>Singer & Levick, P.C.<br>16200 Addison Road<br>Addison, Texas 75001 |
| For Farmingville Associates Phase I LLC and Expressway Plaza I LLC: | Trey Andrew Monsour<br>Fox Rothschild LLP<br>Saint Ann Court<br>2501 North Harwood Street, Suite 1800<br>Dallas, Texas 75201 |
| For Horizon Group Properties, Inc. and Gettysburg Outlet Center CMBS, LLC: | Kevin M. Newman<br>Barclay Damon LLP<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202 |
| Digital Court Reporter: | United States Bankruptcy Court<br>Northern District of Texas<br>Hawaii S. Jeng, Judicial Support Specialist<br>Earle Cabell Building, U.S. Courthouse<br>1100 Commerce Street, Room 1254<br>Dallas, Texas 75242<br>(214) 753-2006 |
| Certified Electronic Transcriber: | Susan Palmer, CERT 00124<br>Palmer Reporting Services |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

Friday, January 31, 2025 10:31 o'clock a.m.

P R O C E E D I N G S

THE REPORTER: All rise. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division, is now in session, the Honorable Stacey Jernigan presiding.

THE COURT: Good morning. Please be seated.

All right. We are here for an expedited setting in TGI Friday's, Case Number 24-80069. We have motions to sell some additional properties and assume some additional leases. So I will take appearances in the courtroom first.

MR. ZAHN: Good morning, Your Honor. Zachary Zahn of Foley & Lardner on behalf of the debtors.

THE COURT: Good morning.

MR. GLUCK: Good morning, Your Honor. Kristian Gluck of Norton Rose Fulbright on behalf of the DIP lender and prepetition lender Texas Partner Bank. And my partner Toby Gerber is on the video as well, Your Honor.

THE COURT: Okay. Good morning.

MR. GLUCK: Good morning.

MR. LEWIS: Good morning, Your Honor. Peter Lewis of Scheef & Stone here on behalf of Domain — Domain Enterprises and RSH Concessions.

THE COURT: Good morning.

MS. YOUNG: Good morning, Your Honor. Liz Ziegler Young for the U.S. Trustee's Office.

THE COURT: Good morning.

All right. Are there any lawyers on the WebEx who wish to appear at this time?

MR. SHRIRO: Yes, Your Honor. Michelle Shriro for various landlords, including Simon Properties, Crooked Run, and Kimco.

THE COURT: All right. Thank you.

Other lawyer appearances.

MR. BROWN: Your —

THE COURT: Go ahead.

MR. BROWN: Your Honor, Rahmon Brown, Ropes & Gray, on behalf of the debtors.

THE COURT: Okay. Good morning.

Anyone else?

MR. NEWMAN: Good morning, Your Honor —

MR. MONSOUR: Good morning, Your Honor. Trey —

THE COURT: We have two people talking over — Mr. Monsour, you were appearing. You want to go ahead?

MR. MONSOUR: Thank you, Your Honor. Yes, Your Honor. Trey Monsour on behalf of Towne Crossing Burlington, for the matter at Docket Number 478, the sale.

THE COURT: Okay.

MR. MONSOUR: And I'm also appearing for Farmington [sic] Associates Phase I LLC and Expressway Plaza I LLC, for Docket Number 479, which is the rejection motion.

THE COURT: All right. Thank you.

MR. MONSOUR: Thank you.

THE COURT: Mr. Newman, were you appearing?

MR. NEWMAN: Yes, Your Honor. Kevin Newman, Barclay Damon, LLP, for Horizon Group Properties, Inc., as managing agent for Gettysburg Outlet Center CMBS, LLC.

THE COURT: Okay. Good morning.

Any other lawyer appearances?

All right. Well, I — I've seen two limited objections on file. I don't know if I caught all of them, but I will hear from debtors' counsel on how you want to proceed.

MR. ZAHN: Good morning, Your Honor. Again, Zachary Zahn of Foley & Larder on behalf of the debtors. Online is Mr. Rahmon Brown with Ropes & Gray. He's going to handle the substance of these two motions. The first motion is a sale motion filed at Docket 478 and the second is a rejection motion filed at 479. The agenda for this hearing is also filed at 493.

Before I turn it over to Mr. Brown, we just want to say that we appreciate the Court's accommodation for today's hearing. And, at this point, I will let him take over.

THE COURT: All right. Mr. Brown, I will hear from you.

MR. BROWN: Good morning, Your Honor.

THE COURT: Good morning.

MR. BROWN: And I just want to echo the sentiments.

Thank you again for accommodating us today on an emergency basis to consider the sale and rejection motions.

THE COURT: You're welcome. I understood it looked like you were going to be running out of money on January 31st, so it seems like a pretty good reason for expedited setting.

All right.

MR. BROWN: Yeah.

THE COURT: So am I correct you only have two limited objections at least to the sale and assumption?

MR. BROWN: Yes.

THE COURT: Okay.

MR. BROWN: So there is two filed objections. We did receive a number of informal comments that we are happy to treat as objections. We do believe that we have resolved the majority if not all of both objections through language in the sale order. But, unfortunately, we were resolving that language all the way up to just before the hearing, so we haven't had a chance to get the revised order filed just yet.

THE COURT: Okay.

MR. BROWN: But we — we will get it filed just after the hearing. But what I can say on the revised order is that it will look — a lot of the comments are almost identical to some of the comments we got last month — or earlier this month, actually, on the Mera sale, so the order will look substantially similar.

THE COURT: All right.

MR. BROWN: As — as you mentioned and as set forth in the papers, the — the relief here is — is requested entirely or primarily because of the debtors' financial situation. Without the relief here, the debtors would — would be in a situation where they don't have the budget to provide the necessary funding to fund the February rents at these locations and/or the go-forward operating expenses into February.

As noted in the papers, the Yadav sale contemplates 15 locations with a $3 million credit bid, including the — including the assumption of all tiers and sales practice related to those locations. Similarly, the Sugarloaf sale also contemplates two locations for a purchase price of $100,000, including the associated cures.

The debtors believe in their business judgment that these represent the highest and best valuable — value available to the estates. Indeed, as set forth in Mr. Klein's declaration, the debtors have not received any additional offers for these assets.

With that, Your Honor, I would like to move to the Declarations of Mr. Klein and Mr. Richter into evidence. Those are filed at — Mr. Klein's Declaration is filed at 489 and Mr. Richter's Declaration was filed very early this morning at 492.

THE COURT: All right.

MR. BROWN: Both Mr. Klein and Mr. Richter are present

virtually.

THE COURT: All right. First, are there any objections to the Court accepting these two declarations as direct testimony?

All right. The Declarations will be admitted, again, at 489 and at 492.

(The Declaration of Richard Klein, Docket 489, and the Declaration of Kyle Richter, Docket 492, received in evidence.)

THE COURT: We will make them available for cross-examination. Is there any lawyer who wishes to examine either Mr. Klein or Mr. Richter?

All right. So that will be their testimony, there being no request for cross-examination.

Mr. Brown, you may continue.

MR. BROWN: Thank you, Your Honor. And just to go back to the objections, again we believe we resolved the majority of those objections through language in the order. But as you will see in the redline that will be on the docket, that the order will provide for a similar mechanism as we had in the prior order where the adequate-assurance objections, as we — we intend to resolve those and we expect that they will resolve fairly quickly after the hearing.

For the ones that aren't, there is a mechanism in there similar to the last one where there — those objections are just going to be adjourned. And we'll convene once the parties

can try to resolve those. And to the extent we can't, we will try to set another hearing. But we do expect that those will be resolved fairly quickly. In fact, we — debtors believe or understand that the Sugarloaf locations, that they have been able to reach an agreement with the landlords, and we do expect that that sale will close today. The Yadav sale, I believe, still has just a few remaining objections, and we do expect those to close fairly quickly in the next day or so.

THE COURT: Okay.

MR. BROWN: Yeah. And, with that, Your Honor, unless you have questions, we're happy to open it up to any parties.

THE COURT: All right. Well, why — why don't I start by picking on Ms. Shriro.

You had a concern about your client's cure amount and adequate assurance. Do you want to confirm that you're satisfied with the mechanisms for trying to resolve those outside of court and you're supportive overall of the sale and assignment?

MS. SHRIRO: Yes, Your Honor. For the record, Michelle Shriro for Simon Properties. Simon did file a limited objection, and I believe that my client contact has been in contact with Yadav directly, and they have worked something out on the — on the adequate assurance. So we're — we're supportive.

I believe that we still want to have a chance to

review the sale order. And so that's our only — I think that's our only concern at this point, is the sale order.

THE COURT: All right. Mr. Monsour, you had a limited objection. Anything you want to put on the record?

MR. MONSOUR: Thank you, Your Honor. Yes. Trey Monsour again for Towne Crossing Burlington.

We did reach an agreement. We spoke with the general counsel of the purchaser last night. We reached an agreement on the cure amount. We just wanted the parties to be aware that we have a one-percent interest in the restaurant which is being sold and then that the liquor license is also in escrow, but we think we could work those issues out with the purchaser after the hearing. And so we have withdrawn our objection based upon our conversation with the general counsel. We'd just like to review the order as well.

THE COURT: All right. Very good.

Anyone else wish to speak up?

All right, —

MR. WOOLVERTON: Your Honor, —

THE COURT: Go ahead.

MR. WOOLVERTON: If there's nobody else?

THE COURT: Go ahead.

MR. WOOLVERTON: Thank you, Your Honor. Alexander Woolverton from Kramer Levin on behalf of the securitization entities.

I just wanted to say something very briefly. We are not opposed, in fact we're supportive of the relief that's being sought today. Just wanted to point out that one aspect of this transaction is the entry by the purchasers and the assignees into new franchise agreements with the securitization entities. We are negotiating new franchise agreements with — with the purchasers. Those agreements have not yet been finalized. And I just want to be clear that nothing in the — in the order that you're going to enter is going to impact that process, and that's — that's basically taking place separate and apart from this sale and assignment of leases, but that we anticipate that those negotiations will continue and conclude in the very near term.

THE COURT: All right. Thank you for reporting that.

Anything else?

MR. WOOLVERTON: Thank you, Your Honor.

MR. HECKEL: Your Honor, this is — this is Theodore Heckel, Pachulski, Stang, Ziehl & Jones, on behalf of the committee. I just wanted to — apologies for not making my appearance initially. I had some technical issues. But no objection from the committee.

THE COURT: All right. Thank you.

Anyone else?

All right. Well, Mr. Brown, —

MR. NEWMAN: Yes, Your Honor.

THE COURT: Okay.

MR. NEWMAN: Kevin Newman.

THE COURT: Oh, go ahead, Mr. Newman.

Oh, we — you — you were on mute, Mr. Newman. Mr. Newman.

MR. NEWMAN: Yes, Your Honor.

THE COURT: Okay, we got you now.

MR. NEWMAN: I think I'm off mute now.

THE COURT: Yes, we can hear you.

MR. NEWMAN: All right. Just to confirm what Ms. — all right. We provided comments to Mr. Brown regarding the proposed order and the relief sought. And those have been resolved for purposes of today. There were some changes that have been included in the proposed order that I recently forwarded to Mr. Brown. And it's our understanding that the order as revised will be presented and we'll look forward to seeking to resolve our comments post hearing.

THE COURT: All right. Thank you, Mr. Newman.

Anyone we've missed?

MR. NEWMAN: You're welcome.

THE COURT: All right. Mr. Brown, circling back to you, we’ve obviously heard about the sale motion and the lease assumption with regard to these 17 facilities. We — we also had the motion to go ahead and reject the other remaining leases that have not been rejected so far in the case. What did you

want to tell me about that?

MR. BROWN: Yes, Your Honor. So — so the same reasons necessitating the expedited relief on the sale, the debtors are also seeking to reject the leases for the — for the location that we were unable to sell. But, obviously, if we aren't able to reject those leases by today, we would — we would end up incurring some rental — or potential administrative expense claims going into February, so we did want to seek rejection of those leases.

One caveat, Your Honor, that I should have mentioned previously on the sale motion is that one of the locations listed on the rejection was the Pin sale (phonetic) location, I believe it is. It — the Yadav entity is currently in negotiations with that landlord. And there is a potential that that one may move from the rejection list to the assumption list. We'll have to confirm with those parties post hearing, but I believe there is a chance that that one will not be rejected.

THE COURT: Okay. Just so the record is clear, which location was that?

MR. BROWN: I believe it's Bensalem — Your Honor, if I could get one second, I could pull it up. Yeah. So it's Bensalem, Pennsylvania. The landlord there is 114 North Six Royalty Corp. (phonetic).

THE COURT: Okay. All right. So that one may be

removed from the list. So all — all of these rejections, I guess it's — one, two, three, four, five, six — and about seven — or eight, would the rejection effective date be January 28th?

MR. BROWN: So we — in the updated order, we did receive comments from parties to resolve some of the inconsistencies there. So we have updated the order. And you will see in the redline that that will be updated to today's date, —

THE COURT: Okay.

MR. BROWN: — as opposed to the date of the filing of the motion.

THE COURT: All right. I wasn't a hundred percent clear because I thought I saw on your proposed order, you know, retroactive to the petition date, but then I saw —

MR. BROWN: Yup.

THE COURT: — in the chart January 28th. And so I just wanted to make sure we were clear today what it was you were proposing.

All right. Anyone wish to be heard on the separate rejection motion?

## THE RULINGS OF THE COURT

THE COURT: All right. Well, first with regard to the additional sales of property under 363 with assignment of the leases under 365, the Court would find that while we're here on an expedited basis, notice has been reasonable under the

circumstances, as supported by the testimony of Mr. Klein and Mr. Richter. It's well known that the companies have been marketing these properties for quite a while. We've been here before after an auction. We were told at the hearing on the previous sale to Mera Global that the debtor was still working to perhaps sell some of the additional restaurants. And so, under all these circumstances, I think the shortened timeframe is reasonable under the Bankruptcy Code and rules and due process.

The Court finds that, along those lines, there has been a fulsome and fair marketing process, and it would appear that there is a sound business justification for approving these sales and assignment for 15 locations to Yadav and then another couple of locations to Sugarloaf. It appears they are good faith purchasers for value.

And, again, I understand there are some loose ends in negotiating cure amounts and adequate assurance, and the parties will come back to the Court if they don't get to closure on that, but subject to that, the Court is going to approve this newest motion under 363 and 365.

So the Court is happy that it looks like now we're going to have 26 owned locations that will go on operating, if I'm doing my math correctly. We had nine in the previous transaction with Mera Global, right, and then now an additional 17, maybe 18.

Correct, Mr. Brown?

MR. BROWN: That's right.

THE COURT: All right. So that's good for the landlords, the employees, the public, and — and I guess other parties-in-interest as well.

So we're glad to approve that. I will waive the 14 days and allow closure as soon as possible in light of the fact that the debtor is running out of funding.

Last, I do approve under 365 the rejection of the remaining leases we have talked about today as being an exercise of reasonable business judgment on the part of the debtor. And, again as I understand it, there is one lease that might come off of the list and, in fact, be assumed and assigned to Yadav that I will allow the order to be implemented immediately so landlords can get their properties back and the debtors don't have any more administrative rent accruing.

So shall I expect to see the orders later today, Mr. Brown?

MR. BROWN: Yes, Your Honor. I expect that we will be able to get you the rejection order fairly quickly and then the sale order shortly thereafter.

THE COURT: All right. If you could let my Courtroom Deputy know when those orders have been uploaded so that she can get my attention to sign them, okay?

All right. Well, thank you. Good luck to all, and we

are adjourned.

THE REPORTER: All rise.

MR. BROWN: Thank you, Your Honor.

(The hearing was adjourned at 10:54 o'clock a.m.)

—o0o—

State of California )
) SS.
County of Stanislaus )

I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of Texas, Office of the Clerk, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am not a party to nor in any way interested in the outcome of this matter.

I am a Certified Electronic Reporter and Transcriber by the American Association of Electronic Reporters and Transcribers, Certificate Nos. CER-124 and CET-124. Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.



Susan Palmer
Palmer Reporting Services
2129 Golden West Lane
Modesto, California 95350
(209) 915-3065

Dated February 10, 2025