UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

**FILED**

FEB 2 7 2026

CLERK, U.S. BANKRUPTCY CAMD
NORTHERN DISTRICT DALLAS
O[...]NET

FEB 2 6 2026

In re:

TGI Fridays Inc., et al.,

Debtors.

**Case No. 24-80069-sgj11**

### MOTION TO ALLOW LATE-FILED PROOF OF CLAIM OF CADEN MONTINI

Claimant Caden Montini respectfully moves this Court for entry of an order permitting the late filing of his Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), and in support thereof states as follows:

1. Claimant was employed by the Debtors as a full-time salaried Assistant General Manager at a corporate-owned restaurant location that permanently closed in or about October 2024.

2. Claimant's employment was terminated on approximately October 24, 2024, after receiving only one (1) day advance notice of the permanent closure of the worksite.

3. Claimant received certain bankruptcy notices but did not understand that he may have had a claim for back pay under the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., arising from the lack of advance notice of the plant closing.

4. Claimant reasonably believed that any unpaid severance or compensation owed would be processed without further action.

5. Claimant's failure to file a timely Proof of Claim was not willful and was the result of excusable neglect, including the complex legal nature of the notices received and Claimant's lack of awareness of his potential WARN Act rights.

6. Upon becoming aware of his potential entitlement to WARN Act damages, Claimant has acted promptly and in good faith to assert his claim.

7. Allowance of this late-filed claim will not unduly prejudice the Debtors or the estate, particularly as Claimant's WARN Act claim constitutes a priority wage claim pursuant to 11 U.S.C. § 507(a)(4).

WHEREFORE, Claimant respectfully requests that the Court enter an order permitting the late filing and allowance of his Proof of Claim.

Dated: February 25, 2026

Caden Montini

## DECLARATION OF CADEN MONTINI

I, Caden Montini, declare as follows:

1. I was employed by TGI Fridays Inc. as an Assistant General Manager at a corporate-owned restaurant location that permanently closed in or about October 2024.

2. My final day of employment was approximately October 24, 2024. I was notified of the permanent closure of my worksite only one day prior to the termination of my employment.

3. At the time of my termination, I was a salaried, full-time employee earning approximately $70,000 annually.

4. I did not receive sixty (60) days advance written notice of the permanent closure of my worksite as required under the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq.

5. After my termination, I received certain mailings related to the bankruptcy of TGI Fridays Inc. These documents appeared to be complex legal notices written in technical language.

6. I did not understand from these notices that I may have had a claim for up to sixty (60) days of back pay under the WARN Act based on the lack of advance notice of my worksite's permanent closure.

7. I reasonably believed that any unpaid severance or compensation owed to me would be processed without the need for further legal action on my part.

8. I was not advised by my employer, human resources, or the claims agent that I may have had a federal WARN Act wage claim requiring the filing of a Proof of Claim.

9. I did not knowingly or intentionally fail to file a timely Proof of Claim. My failure to do so was the result of excusable neglect.

10. Upon learning of my potential entitlement to WARN Act damages, I have acted promptly and in good faith to assert my claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: February 25, 2026

Caden Montini