CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 22, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TGI Friday's Inc., *et. al.*,[1] | Case No. 24-80069-sgj11 |
| Debtors. | (Jointly Administered) |

**AGREED ORDER RESOLVING MOTION TO ENFORCE ORDER GRANTING MOTION OF TGIF SPV GUARANTOR, LLC; TGIF FUNDING, LLC; AND TGI FRIDAY'S FRANCHISOR, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: TGI Friday's Inc. (7117); TGI Friday's NY, LLC (2281); TGIF Holdings, LLC (7999); TGIF Midco, Inc. (7296); TGIF Parent, Inc. (1781); Burlington Towne Crossing, Inc. (7501); T G I Friday's of Greenbelt, Inc. (5617); T G I Friday's of Towson, Inc. (5450); T G I Friday's of Wisconsin, Inc. (7600); T.G.I. Friday's Marketing Advisory Council (6527); T.G.I. Friday's of Charles County, Inc. (3516); T.G.I. Friday's of Frederick County, Inc. (2547); T.G.I. Friday's of Harford County, Inc. (0072); T.G.I. Friday's of Washington County, Inc. (6174); TGI Friday's of Annapolis, Inc. (8315); TGI Friday's of Howard County, Inc. (0119); TGI Friday's of Rockville, Inc. (2004); TGI Friday's of Texas LLC (3931); TGI Friday's of the Rockies, Inc. (7885); TGIF/DFW Manager, LLC (N/A); TGIF/DFW Partner, LLC (N/A); TGIF/JDC Restaurant Development, LLC (N/A); WEBCO Products Incorporated (3014). The Debtors' service address is 19111 North Dallas Parkway, Suite 200, Dallas, TX 75287.

This matter is before the Court on the *Motion to Enforce Order Granting Motion of TGIF SPV Guarantor, LLC; TGIF Funding, LLC; and TGI Friday's Franchisor, LLC for Allowance and Payment of Administrative Claim* [Docket No. 686] (the "Motion")[2] of Sugarloaf TGIF Management, LLC ("Sugarloaf"), in its capacity as Manager for TGIF SPV Guarantor, LLC; TGIF Funding, LLC; and TGI Friday's Franchisor, LLC (collectively, the "Securitization Entities"). The Court has been advised by Sugarloaf and the Debtors that an agreement has been reached among Sugarloaf, the Debtors, and the official unsecured creditors' committee (the "Committee") with respect to the Motion, and they have agreed to the entry of this Agreed Order recognizing the agreement of the parties. **IT IS, THEREFORE, ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Subject to the terms of this Order, in full and final satisfaction, settlement, release, and discharge of and in exchange for the $1,516,774.00 administrative expense (the "Allowed Administrative Claim") of the Securitization Entities allowed pursuant to section 503(b) of the Bankruptcy Code pursuant to this Court's *Order Granting Motion of TGIF SPV Guarantor, LLC, TGIF Funding, LLC, and TGI Fridays Franchisor, LLC for Allowance and Payment of Administrative Claim* [Docket No. 671] (the "Administrative Expense Order"), Sugarloaf, in its capacity as Manager of the Securitization Entities, has agreed to accept, and has received, a cash payment from the Debtors in the amount of $700,000.00.

3. The release and discharge of the remaining balance of the Allowed Administrative Claim in the amount of $816,774.00 (the "Contingent Remaining Administrative Claim") provided by this Order shall only become effective upon the effective date of a confirmed chapter 11 plan in the Chapter 11 Cases.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4. In the event that the effective date of a confirmed chapter 11 plan does not occur prior to conversion or dismissal of the Chapter 11 Cases, the Contingent Remaining Administrative Claim shall remain an allowed administrative expense claim of the Securitization Entities.

5. In the event that the effective date of a confirmed chapter 11 plan in the Chapter 11 Cases occurs prior to conversion or dismissal of the Chapter 11 Cases, the then Contingent Remaining Administrative Claim shall automatically be released and discharged without the need for further order by this Court.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or enforcement of this Order.

**# # # END OF ORDER # # #**

**APPROVED AND AGREED:**

*/s/ David L. Staab*
David L. Staab
*Counsel for Sugarloaf TGIF Management, LLC*

*/s/ Holland N. O'Neil*
Holland N. O'Neil
*Counsel for the Debtors*

*/s/ Robert J. Feinstein*
Robert J. Feinstein
*Counsel for the Official Unsecured Creditors' Committee*

Order Submitted by:
Ian T. Peck
Texas Bar No. 24013306
David L. Staab
Texas Bar No. 24093194
**HAYNES AND BOONE, LLP**
2801 North Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

*Attorneys for Sugarloaf TGIF Management, LLC*